UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIKAYLA LYNN BELSANTI, on behalf of
herself and others similarly situated,

      Plaintiff,

v.                                               CASE NO.:

PB FLORIDA, LLC, d/b/a PURE BARRE,
a Florida Limited Liability Company,
and AIMEE O'NEIL,

      Defendants.
_____/

**WAGE THEFT COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, MIKAYLA LYNN BELSANTI ("Plaintiff"), on behalf of herself and others similarly situated, hereby sues the Defendants, PB FLORIDA, LLC, d/b/a PURE BARRE and AIMEE O'NEIL, and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This case arises under the Fair Labor Standards Acts of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Florida Constitution, Art. X, Sec. 24, and for unpaid wages.

2. The Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court has personal jurisdiction over the Defendants, who do business in the State of Florida.

3. Venue lies in this Middle District of Florida pursuant to 28 U.S.C. § 1391 because the Defendants do business in this district and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Defendant PB Florida, LLC, d/b/a Pure Barre (or "Pure Barre") is a domestic for-profit limited liability company with a principal address of 12233 W. Linebaugh Ave., Tampa, FL 33626. PB Florida, LLC, d/b/a Pure Barre may be served with process through its registered agent, **Aimee O'Neil, 710 W. Amelia Ave., Tampa, FL 33602**.

5. Defendant Aimee O'Neil (hereinafter "O'Neil") is the owner and/or managing operator of Pure Barre. O'Neil has been solely and substantially responsible for willfully and intentionally withholding wages, minimum wages and failing to be in compliance with the FLSA. During the statutory period, O'Neil has been acting directly or indirectly in the interest of Pure Barre in relation to the Plaintiff and is thus an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). O'Neil is a resident of Hillsborough County, Florida.

6. Plaintiff is a former employee of Pure Barre and O'Neil (hereinafter collectively referred to as "Defendants"). During her employment with Defendants, Plaintiff was a covered employee under the FLSA.

7. Defendants are covered employers under the FLSA, 29 U.S.C. § 203(d). At all material times, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and during all relevant times had at least two employees – including Plaintiff and other similarly situated employees

2

– engaged in commerce and had an annual dollar volume of sales or business done of at least $500,000. Plaintiff is also subject to individual coverage under the FLSA.

## FACTUAL BASIS FOR SUIT

8. Defendants employed Plaintiff from approximately July 21, 2021 through August 30, 2021. Plaintiff was a non-exempt hourly employee. Plaintiff has worked for Defendants within the two-year statute of limitations period under the FLSA.

9. 29 U.S.C. § 206 provides "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates… $7.25 an hour."

10. Art. X, Sec. 24 of the Florida Constitution creates a private right of action against any "employer" who violates its minimum-wage provisions. The Florida minimum wage during Plaintiff's employment with Defendants was $8.65 per hour.

11. Defendants operate two fitness-related studios in Hillsborough County, Florida whereby the "Pure Barre" method of fitness is taught by instructors. The studios operated by Defendants are two of many other studios across the country.

12. At or around the commencement of her employment, Defendants

3

required Plaintiff to sign a purported document under which Defendants claim she was to work as an "independent contractor."

13. The document was designed by Defendants to avoid having to compensate Plaintiff properly under both federal and state law and was designed to avoid paying appropriate taxes by them.

14. Despite this categorization by Defendants as independent contractor, the facts indicate:

    1. Defendants controlled nearly every aspect of how work was to be performed by Plaintiff. Although Defendants told Plaintiff she would be instructing classes, Defendants actually assigned her to work the Defendants' front desk at designated scheduled times and stated it would pay her an hourly rate. Even as an instructor, Defendants controlled nearly every aspect of how work was to be performed including the type of clothes she was to wear while instructing classes, the type of music she should play during class, the sequence of warm-up to stages of exercise, what phrases to use to encourage class members, how to set up for class and clean-up after;

    2. Plaintiff shared no opportunity for any profit or loss and was paid an hourly rate and/or a flat rate;

    3. Plaintiff did not have the power to hire or fire other workers, nor did she supply the studio with any other equipment necessary for classes;

       4.     No commercial license or advanced degree was required of Plaintiff;

       5.     Plaintiff was not allowed to work in any other instruction capacity in any other studio and was required to sign a non-competition agreement; and

       6.     Instructing Pure Barre classes and greeting guests at the front desk was the core business of Defendants' operation.

15.     During Plaintiff's employment with Defendants, she was required to undergo extensive training at Defendant's place of business over a period of several days for which Defendants did not compensate her any payment or wage whatsoever.  This occurred:

       1.     During normal business hours at Defendants' place of business;

       2.     Attendance was mandatory;

       3.     The training and meetings were directly related to the Pure Barre instruction method and Plaintiff's role as an instructor and taught by Pure Barre representatives; and

       4.     Plaintiff was required to perform productive work during the training time and at mandatory meetings.

16.     After the training period, Plaintiff was also required to participate in and undergo numerous meetings and additional training for which she was not compensated by Defendants.

17.     Defendants require employees, including Plaintiff, to pay or

reimburse them for various items or penalties which are primarily for the benefit or convenience of the Defendants, including but not limited to:

    1.     $2,500.00 as a "termination fee";

    2.     $25.00 for "failure to arrive on time for a scheduled class";

    3.     $25.00 for "failure to arrange for a substitute teacher";

    4.     $25.00 for "failure to teach current choreography";

    5.     $25.00 for "failure to utilize mandatory playlists"; and

    6.     $25.00 for "failure to comply with any other provision of the Pure Barre Training Manual as prescribed by the Franchisor, Pure Barre Franchising LLC."

18. Defendants' imposition of some or all of the aforestated penalties reduced Plaintiff's wage below the federal and Florida minimum wage.

19. Indeed, as a result of Defendants' imposition of some or all of the aforestated penalties, Plaintiff did not receive any wages whatsoever for the work she performed for Defendants.

20. Plaintiff worked hours for which she was not compensated at or above minimum wage.

21. Defendants refused to pay Plaintiff minimum wage for her time worked.

22. Defendant O'Neil is subject to individual liability under the FLSA and Florida law because she acted directly or indirectly in the interest of the employer in relation to Plaintiff, exercised significant control over the company's operations,

has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

23. Furthermore, Defendants have been unjustly enriched as a result of accepting the work of Plaintiff without proper compensation. It would be unjust to allow Defendants to enjoy the fruits of Plaintiff's work without proper compensation.

24. By failing accurately to record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine her wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

25. As such, Defendants suffered or permitted Plaintiff to routinely work, without compensation or minimum wage compensation.

26. Similarly situated employees who may opt in to this collective action were employees of Defendants during the three years prior to the filing of this action who were employed as instructors and who performed work for Defendants without minimum wage compensation.

27. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## VIOLATIONS OF THE MINIMUM WAGE REQUIREMENTS
## OF THE FLSA AGAINST ALL DEFENDANTS

28. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully stated herein.

29. Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates…$7.25 per hour. 29 C.F.R. § 206 (a)(1).

30. Defendants' failure to provide Plaintiff minimum wage compensation constitutes a violation of the FLSA, 29 U.S.C. § 209 *et seq.*, and § 207(a)(1), resulting in unpaid minimum wages and other harm to Plaintiff.

31. Defendants' violations of the FLSA were knowing and willful. Defendants' intentional failure to pay Plaintiff all of her minimum wages is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

**WHEREFORE**, Plaintiff prays that this Court award the following relief:

a) a judgment that Defendants violated 29 U.S.C § 206 of the Fair Labor Standards Act;

b) damages for the amount of unpaid minimum wage compensation owed to Plaintiff;

c) liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal

to the compensation owed to Plaintiff;

d) post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

e) any other additional relief as the Court deems just and proper.

## COUNT II
## MINIMUM WAGE PURSUANT TO THE FLORIDA CONSTITUTION AGAINST ALL DEFENDANTS

32. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully stated herein.

33. Art. X, Sec. 24 of the Florida Constitution creates a private right of action against any "employer" who violates its minimum-wage provisions.

34. Plaintiff did not receive payments at a rate at least equal to the minimum wage for all hours worked as required by the Florida Constitution.

35. Defendants' failure to provide Plaintiff minimum wage compensation constitutes a violation of Art. X, Sec. 24 of the Florida Constitution, resulting in unpaid minimum wages and other harm to Plaintiff.

36. Defendants' violations of Art. X, Sec. 24 of the Florida Constitution were knowing and willful. Defendants' intentional failure to pay Plaintiff all of her minimum wages is a willful violation of Art. X, Sec. 24 of the Florida Constitution as Defendants knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

**WHEREFORE**, Plaintiff respectfully prays that the Court award the following relief:

a) a judgment that Defendants violated Art. X, Sec. 24 of the Florida Constitution;

b) damages for the amount of unpaid overtime compensation owed to Plaintiff;

c) liquidated damages in an amount equal to the overtime compensation owed to Plaintiff;

d) post-judgment interest, reasonable attorneys' fees and costs pursuant to Art. X, Sec. 24 of the Florida Constitution; and

e) any other additional relief as the Court deems just and proper.

### COUNT III
### VIOLATIONS OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA AS TO THOSE SIMILARLY SITUATED AGAINST ALL DEFENDANTS

37. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully stated herein.

38. Defendants failed to pay minimum wage compensation to similarly situated employees who were employees of Defendants during the three years prior to the filing of this action, who were employed as instructors, resulting in unpaid minimum wages and other harm to these similarly situated employees.

39. Defendants' failure to provide those similarly situated to Plaintiff minimum wage compensation constitutes a violation of the FLSA.

40. Defendants' violations of the FLSA were knowing and willful.

**WHEREFORE**, Plaintiff, on behalf of herself and all other similarly

situated employees, prays that this Court award the following relief:

a)  judgment that Defendants violated 29 U.S.C. § 206 of the Fair Labor Standards Act;

b)  damages for the amount of unpaid minimum wage compensation owed to Plaintiff and all other similarly situated employees;

c) liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the compensation owed to Plaintiff and all other similarly situated employees;

d)  post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

e)  any other additional relief as the Court deems just and proper.

## COUNT IV
## UNPAID WAGES AGAINST PURE BARRE

41.   Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 27 as if fully stated herein.

42.   At or around the commencement of her employment, Defendants promised to pay Plaintiff $20.00 per class taught and $10.00 per hour for other work performed by Plaintiff.

43.   Plaintiff did not receive wages despite an agreement with Pure Barre to receive wages for all hours worked.

44.   Pure Barre breached its agreement to pay Plaintiff wages, thereby causing Plaintiff harm.

**WHEREFORE**, Plaintiff respectfully prays that the Court award the

following relief:

a) a judgment that Pure Barre breached its employment agreement by failing to pay wages due;

b) damages for the amount of unpaid compensation owed to Plaintiff;

c) post-judgment interest, reasonable attorneys' fees and costs pursuant to section 448.08, Florida Statues; and

d) any other additional relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated: September 14, 2021

>Respectfully submitted,
>
>/s/ Jay P. Lechner
>**LECHNER LAW**
>Jay P. Lechner, Esq.
>Florida Bar No.: 0504351
>Jay P. Lechner, P.A.
>Fifth Third Center
>201 E. Kennedy Blvd., Suite 412
>Tampa, Florida 33602
>Telephone: (813) 842-7071
>jplechn@jaylechner.com
>admin@jaylechner.com
>*Lead Counsel for Plaintiff*